[Hurt v. Redd & Co.]

# Hurt *v.* Redd & Co.

64　85
113　313

*Statutory Trial of Right of Property between Plaintiffs in Attachment and Mortgagee.*

1. *Description of property in mortgage.*—"Fourteen mules, now on my plantation in Russell county," is a sufficient description, in a mortgage, of the property conveyed by it; and parol evidence of the fact that the mortgagor had but one plantation in said county, and that he had on it fourteen mules, renders the description definite and certain, and the property capable of identification.

2. *Sale of mortgaged property under attachment; right of mortgagee to surplus proceeds, as against junior attachment.*—When mortgaged personal property is seized under attachment against the mortgagor, before the registration of the mortgage, and is sold as perishable, the lien of the attachment must prevail over that of the mortgage; but, if the mortgage is duly recorded before the rendition of judgment in the attachment suit, and the proceeds of sale exceed the amount of that judgment, the mortgagee may claim the surplus in the hands of the sheriff; or he may interpose a claim to it, and recover it on the trial of a statutory contest with a junior attaching creditor, whose attachment was levied on it, in the hands of the sheriff, after the registration of the mortgage.

APPEAL from the Circuit Court of Russell.

Tried before the Hon. JAMES E. COBB.

This was a statutory trial of the right of property in and to a certain sum of money in the hands of the sheriff, amounting to $233, between C. A. Redd & Co., plaintiffs in attachment against John W. Hurt, and George T. Hurt as claimant. The money arose from the sale of certain mules, twelve in number, and other personal property, belonging to said John W. Hurt; on which the sheriff had levied a former attachment, at the suit of Flournoy, McGehee & Co., against said John W. Hurt, and which he had sold, while in his possession under the levy, as perishable property; the sum here in controversy being the surplus left in the hands of the sheriff after satisfying the judgment rendered against Hurt in that suit. The attachment of Flournoy, McGehee & Co. was levied on the property on the 9th December, 1876; the judgment in their suit was rendered at the Fall term of said Circuit Court, 1877, and was satisfied out of the moneys in the hands of the sheriff; and the attachment of C. A. Redd & Co. was levied on the balance in his hands, as the property of said John W. Hurt, on the 8th December, 1877. George T. Hurt, the claimant, derived title to this balance under a mortgage executed to him by said John W. Hurt,

[Hurt v. Redd & Co.]

the defendant in attachment; which was executed in Fulton county, Georgia, dated the 1st May, 1876, and recorded in the office of the probate judge of Russell county on the 3d March, 1877, which was prior to the sale of the property under the attachment of Flournoy, McGehee & Co., but after the levy of that attachment. The mortgage purported to convey a tract of land in Fulton county, Georgia, " also, fourteen mules, now on my plantation in Russell county, Alabama." It was admitted, that neither the sheriff, nor Flournoy, McGehee & Co., had any notice, actual or constructive, of this mortgage, at the levy of the first attachment; and that the mortgagee claimed the mules, and gave public notice of his claim under the mortgage, at the sheriff's sale under the attachment. One Chitwood, a witness for the claimant, " testified that, during the year 1876, he was employed by said John W. Hurt as agent on his plantation in Russell county, about five miles from Glennville, and lived on said plantation during the whole of that year; that on the 9th December, 1876, while he was living on the place, the attachment of Flournoy, McGehee & Co. was levied on twelve mules and other property on said plantation; that said Hurt had on said plantation, on the 1st May, 1876, fourteen mules, two of which died during the year, and the others were the mules on which said attachment was levied; and that said John W. Hurt never owned during the year 1876, nor claimed to own, any other plantation in Russell county than that upon which witness so lived, nor any other mules than those above mentioned." The claimant himself, also, testified to the same facts as to the plantation and mules, and that his debt secured by the mortgage was still due and unpaid. " In connection with this testimony, the claimant then offered to introduce in evidence his said mortgage, its due execution and record being admitted; but the plaintiffs objected to its introduction, on these grounds : 1st, that the same was void, so far as it purported to convey the mules, on account of the uncertainty with which they were therein described; and, 2d, because the mortgage purported to convey mules, whereas the property claimed is money. The court sustained the plaintiffs' objections, and excluded the mortgage from the jury; to which ruling the claimant excepted. And this being all the evidence, the court charged the jury, at the request in writing of the plaintiffs, that they must find for the plaintiffs if they believed the evidence; to which charge, also, the claimant excepted." The exclusion of the mortgage from the jury, and the charge of the court, are now assigned as error.

[Hurt v. Redd & Co.]

JAMES P. MITCHELL, and WATTS & SONS, for the appellant.—
1. The mortgage described the mules with sufficient certainty
and definiteness, and the parol evidence in aid of it identi-
fied them beyond mistake or dispute.—*Ellis v. Sims*, 2 La.
Ann. 251; *Baker v. Bank*, 2 La. Ann. 371; *Bank v. Barrow*,
21 La. Ann. 396; 24 La. Ann. 518; *Witczinski v. Everman*,
51 Miss. 841; *Wilson v. Boyce*, 92 U. S. 320; *Johnson v. De-
lancy*, 4 Cowen, 427; *Pond v. Berg*, 10 Paige, 140; Jones on
Mortgages, vol. 1, 65–6.
2. The other objection to the mortgage is answered by the
following authorities: *Marriott & Hardesty v. Givens*, 8 Ala.
694; *Abney v. Kingsland & Co.*, 10 Ala. 356; *Carville v.
Stout*, 10 Ala. 796.

L. W. MARTIN, *contra*. (No brief on file.)

BRICKELL, C. J.—The mortgage is of "fourteen mules,
now" (at the time or date of executing the mortgage) "on
my" (the mortgagor's) "plantation in Russell county, Ala-
bama." It was sufficiently specific and certain. The num-
ber of the mules is stated, and the place at which they would
be found Parol evidence that the mortgagor had but one
plantation in Russell county, and had there only fourteen
mules, rendered the property, on which the mortgage was to
operate, definite and certain, capable of positive indentifica-
tion.
2. An attachment was levied on the mules, and other per-
sonal property of the mortgagor, before the registration of
the mortgage. By the levy, a lien was acquired, which had
priority over the mortgage. A sale of the property, as per-
ishable, was made by the sheriff, under the levy of the attach-
ment; and the proceeds of sale, with the attachment, were
returned into court, the aggregate of the sale being $733.93;
of which sum $623.50 was the price for which the mules
were sold. At the time of the sale, the sheriff, and the
plaintiffs in attachment, had notice of the mortgage, and that
the mortgagee made claim to the mules. The mortgage was
recorded before the rendition of the judgment in the attach-
ment suit. A surplus of $233 remaining in the hands of the
sh-riff after satisfying the judgment, the appellees caused an
attachment to be issued against the mortgagor, and levied
upon it. Thereupon, the appellant, the mortgagee, inter-
posed a claim to it under the statute, and an issue was
formed to try the right of property. The rulings of the Cir-
cuit Court, though made on objections to the admissibility
of evidence, really involve only the question, whether the
money was subject to the attachment; and we consider that

question, without dwelling upon the manner in which it was presented.

A surplus of money remaining in the hands of a sheriff, derived from a sale of property under legal process, belongs to the owner of the property; and the sheriff, and the sureties on his official bond, are bound for its payment to him. *State v. Pool*, 5 Ired. 105; *State v. Reed, Ib.* 351. The lien of the mortgage, though subordinate to that acquired by the levy of the first attachment, because of the failure to record it, had precedence of the lien acquired by the levy of the attachment in favor of the appellee. The lien of the mortgage could not be defeated by the excessive sale made by the sheriff, and priority given to the younger lien claimed by the appellee. To prevent such injustice, the law, at the election of the mortgagee, transfers the prior lien to the surplus proceeds of sale, and requires that it should be applied to the payment of the mortgage debt.—*Averill v. Loucks,* 6 Barbour, 478. The sheriff may have been guilty of a conversion in selling more of the mules than was necessary to satisfy the prior attachment. The mortgagee had the right to waive the tort, ratify the unauthorized sale, and claim the proceeds as money had and received to his use. The election was made by a claim to the money, interposed under the statute.

The rulings of the Circuit Court were adverse to these views; and its judgment must be reversed, and the cause remanded.