## GURLEY v. DAVIS, ADX.

MORTGAGE: *Description of property: Parol evidence to identify.*

It is not necessary that the property mortgaged should be so described as to be capable of identification by the written recital, or by the name used to designate it in the mortgage. A description which will enable third persons, aided by inquiries which the instrument itself suggests, to identify the property, is sufficient; and parol evidence is admissible to show that a particular article is included within the general words of a description. As between the mortgagor and the mortgagee, a specific and particular description of the several articles by which to identify them from other like articles of the mortgagor, is not necessary. [In this case a mortgage of "thirty head of stock cattle, and eleven head of stock horses," held sufficiently descriptive as between the parties.—REP.]

APPEAL from *St. Francis* Circuit Court in Chancery.

Hon. J. N. CYPERT, Circuit Judge.

*John R. Gurley, pro se:*

1. Appellant's remedy at law was adequate; he should have brought replevin.

2. The mortgage void for uncertainty of description.

Gurley v. Davis, Adx.

STATEMENT.

ENGLISH, C. J. On the first day of June, 1880, John R. Gurley, of St. Francis County, executed a note to Mary A. Davis, as administratrix of the estate of H. C. Davis, deceased, for $461.25, payable on or before the first day of January, 1881.

On the same day he executed to her, as such administratrix, a mortgage to secure the payment of the note, by which he conveyed to her the following described personal property, to wit, "*thirty head of stock cattle, and eleven head stock horses*," and covenanted that he was the lawful owner of said property, and had a good right to sell and convey the same. The mortgage provided that on default of payment of the note at maturity, or in case of the death of the mortgagor, or if he should, prior to the maturity of the note, sell or attempt to sell, ship, remove, abandon, or otherwise dispose of the property conveyed by the mortgage, or any part thereof, without the written consent of the mortgagee, she was empowered to take possession of the property, on demand, without process of law, or so much thereof as would satisfy the debt, etc., and sell the same to the highest bidder for cash, at public auction in Forrest City, in said county, first giving at least ten days' notice, by written advertisements posted up in five public places in Madison township, of said county, designating the property to be sold, the time, terms and place of sale, and with the proceeds pay the expense of executing the trust, the debt secured, etc.

The mortgage was acknowledged, and registered in the Recorder's office of the county.

After the maturity of the note, Mrs. Davis filed the bill in this case in the Circuit Court of St. Francis County, against Gurley, to foreclose the mortgage, in which the note and mortgage were set out, and exhibited, and default

of payment alleged.   She also alleged that she had made a demand on defendant to identify and deliver up for sale the cattle and horses conveyed by the mortgage, and that he refused to do either.

The bill prayed foreclosure, etc., and  that defendant be required to  discover, by his  answer, a  particular and definite  description of  the  property  included  in  the  mortgage, etc.

Defendant entered a general demurrer to the bill, which the court overruled, and required him to answer, and he excepted to the decision.

He filed an answer, in which he admitted, in effect, the execution of the note and mortgage, and default of payment.   But submitted that the mortgage was void for vagueness in the description of the property conveyed by it, and manifestly evaded the discovery sought by the bill.

The court sustained a demurrer to the answer, and defendant asked, and was granted time to file a new answer, but failed to do so.

On such failure the court rendered a decree in favor of complainant for the debt, foreclosing the mortgage, and declaring it a lien upon, and condemning to be sold for the satisfaction of the decree, "any cattle to the number of thirty head, which are now owned by defendant, and which he had at the time of the execution of the mortgage, and also any horses he may now have, and owned at the time of the execution of the mortgage, to the number of eleven head," and a receiver was appointed to take possession of, and sell the cattle and horses as directed by the decree.

Defendant appealed.

### OPINION.

The only point submitted for appellant is that the mort-

gage was void on its face for vagueness in the description of the property attempted to be conveyed by it. No question is involved as to the rights of subsequent purchasers, creditors, etc.

Was the mortgage valid between the parties?

1. It is not necessary that the property should be so described as to be capable of being identified by the written recital, or by the name used to designate it in the mortgage. Parol evidence is admissible to show that a particular article is included within the general words of a description. *Jones on Chattel Mortgages, sec. 53.*

A description which will enable third persons, aided by inquiries which the instrument itself suggests, to identify the property, is sufficient. *Ib., sec. 54.*

As between the mortgagor and mortgagee, a specific and particular description of the several articles mortgaged, by which to identify them from other like articles of the mortgagor, is not necessary. *Herman on Chattel Mortgages, sec. 38; Call v. Guy Gray et al., 37 New Hampshire, 429.*

Under the rule that a defective or general description of the property in the mortgage may be aided by parol evidence for the purpose of identifying it, the following cases may be cited as examples:

In *Brown v. Holmes, 13 Kansas, 492,* the property mortgaged was described as follows: ". Twenty-three head of beeves, four-year-old Texas cattle; 572 three-year-old Texas cattle; 29 two-year-old Texas cattle; said goods and chattels now being in possession of the party of the first part (the mortgagor) in Morris County Kansas," and the mortgage was held not to be void on its face for vagueness of description of the property.

In *Schaffer v. Pickrell, 22 ib., 619,* the property was described in the mortgage as "two hundred and fifty stock hogs owned by said D. B. Mott, in Franklin County, Kan-

sas," and the mortgage was held not to be void for uncertainty.

In *Eddy, Fenner & Co. v. Caldwell, 7 Minnesota, 231,* the mortgage purported to convey *ten horses* in possession of the party of the first part, and the mortgage was held to be valid on its face.

In *Smith & Co. v. McLean, 24 Iowa, 331,* the property was described as "five freight wagons, and twenty-five yoke of cattle, being the train now in my possession," and the mortgage was held valid on its face.

In *McCord et al. v. Cooper, 30 Ind., 10,* a mortgage describing the property conveyed as "three yoke of oxen," was held invalid for uncertainty, the court remarking that it would have been quite as well to have said "six head of cattle." But in *Duke v. Strickland, 43 Ind., 499,* this case was said to be unsupported by authority or principle, and overruled.

In *Brooks v. Aldrich, 17 New Hampshire, 443,* the mortgage was of two horses belonging to the mortgagor, and the description was held sufficient. And in *Elder v. Miller, 60 Maine, 118,* the property was described as eight horses in a stable, and the mortgage was held valid, though there were other horses in the stable not owned by the mortgagor.

In *Hayward's Case, 2 Coke, 38,* it is said, if I give you one of my horses in my stable, there you shall have election. And if one grant to another twenty loads of maple, to be taken in his wood, there the grantee shall have election. And in Palmer's case, *5 Coke, 24,* the court say, if a man grant six hundred cords of wood out of a large wood, the grantee hath election to take them when and in what part of the wood he pleases, without any appointment of the grantor.

The doctrine is the same as that which prevails in the

conveyance of real estate—that the grant shall be taken most strongly against the grantor. (*Call v. Gray, supra.*) Other cases might be cited, but the above are deemed sufficient.

The mortgage on its face was not void for uncertainty in the description of the cattle and horses conveyed by it.

Affirmed.