### BUTLER v. ARCHER.

**Contract:** TO PURCHASE LAND : SPECIFIC PERFORMANCE. Where time is not made the essence of a contract for the purchase of land, the purchaser cannot avoid a decree for specific performance on his part on the ground that the vendor did not tender the deed until some days,—nearly a month in this case,—after the day named in the contract.

*Appeal from Pottawattamie District Court.*—HON. H. E. DEEMER, Judge.

FILED, JANUARY 19, 1889.

ACTION in equity to enforce the specific performance of a contract for the sale of certain real estate. There was a trial upon the merits, and a decree for the plaintiff. Defendant appeals.

*Wright, Baldwin & Haldane*, for appellant.

*Lyman & Hunter* and *W. W. Morsman*, for appellee.

ROTHROCK, J.—The pleadings and evidence in the case show that the plaintiff, through his agents, made an oral contract with the defendant for the sale of parts of two lots in the city of Council Bluffs. The defendant paid five hundred dollars on the contract as part of the purchase money. The conveyance was to be made, and the contract closed, on the first of March

following the date of the contract. The contract was made in February, 1887. It was well understood and fairly entered into by the parties. The plaintiff tendered a deed of the property to the defendant on the twenty-sixth of March, and demanded payment of the balance of the first payment, and an arrangement for the payment of the deferred payments. The defendant refused to perform his contract, as he alleged, because of the failure of plaintiff to keep his part thereof, and demanded a cancellation of the contract. It is averred in an amendment to the answer that time was of the essence of the contract, and that plaintiff should have tendered the land on the first day of March. But the evidence does not in the remotest degree tend to show that time was of the essence of the contract. After the contract was closed, the agents of the plaintiff advised the defendant that, if he would improve the property by building thereon, a certain reduction would be made from the purchase price. Some question is made about the failure of the plaintiff to make this reduction or offer to make it when he tendered the deed. But this reduction could not be made until the defendant earned it by making the improvements, and the defendant did not demand that any provision be made for the reduction. The court, however, came to his relief, and by its decree guarded his rights in that respect. In short, this is a plain case for specific performance ; and we can conceive of no reason why it should have been presented on appeal to this court. There is not a question in the case of sufficient doubt to demand discussion.

AFFIRMED.