# Mitchell v. Abernathy.

## Claim Suit.

(Decided October 14, 1915. 69 South. 824.)

*Mortgages; Description of Property; Sufficiency; Third Person.*
—Where the mortgage described the property conveyed as "two hundred bushels of corn of my 1912 crop from my said farm" and less than two hundred bushels were raised thereon that year, the description of the property was sufficient as against third persons.

APPEAL from Lamar Circuit Court.

Heard before Hon. BERNARD HARWOOD.

E. E. Abernathy had judgment against D. D. Wright and others and had execution on said judgment levied upon property as the property of said defendants in execution, and C. E. Mitchell interposed a claim thereto. From a judgment for the execution plaintiff, claimant appeals. Reversed and remanded.

Transferred from Court of Appeals under act creating said court.

E. B. & K. V. FITE; and C. E. MITCHELL, for appellant.

WALTER NESMITH, for appellee.

SOMERVILLE, J.—The plaintiff in execution has levied on 150 bushels of corn raised by the defendant debtor on his only farm in Lamar county in 1912. Prior

to the rendition of this judgment, the judgment debtor
had mortgaged to the claimant "two bales of rent cot-
ton from my farm in Lamar county, Alabama, for the
1912 crop, first picked, weighing 500 pounds each, and
*200 bushels of corn of my 1912 crop from my said farm.*"

The only question presented is upon the sufficiency
of the description of the corn in the mortgage, as against
the judgment creditor.

"As against third persons the mortgage must point
out the subject-matter, so that the third person may iden-
tify the property covered, by the aid of such inquiries
as the instrument itself suggests."—6 Cyc. 1022; Jones
on Chat. Mort. § 55; *Stickney v. Dunaway,* 169 Ala. 464,
53 South. 770.

The only element of uncertainty in this mortgage, at
the time it was given, lay in the contingency that the
mortgagor might raise on the place named a mass of
corn in excess of 200 bushels, in which event, no separa-
tion or delivery having been made by the parties, it
could not be ascertained by inquiry or otherwise what
particular corn was covered by the mortgage.—6 Cyc.
1025, and cases cited in note 34. But, when it was shown
that the entire crop of corn thus raised and subject to
this description was less than 200 bushels, the subject-
matter became definite and certain, since there was no
occasion for its separation from a larger mass; and in-
quiry, which was surely suggested by the mortgage it-
self, could not have failed to inform any third person
that this corn, and only this, was covered by the mort-
gage and description.

The case of *Hurt v. Redd,* 64 Ala. 85, differs from
the instant case only in the circumstance that the mort-
gagor had the exact number of chattels named. But, had
there been less, the mortgage would have been good pro

39—194

tanto.—*Watson v. Pugh*, 51 Ark. 218, 10 S. W. 493. It results from these principles that the trial court erred in excluding the mortgage, which, being in evidence, would have required an instruction to the jury favorable to the claimant.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and THOHMAS, JJ., concur.