# Lindsey & Company *v.* Steenson.

## *Detinue.*

### (Decided April 22, 1916. 68 South. 332.)

1. *Mortgages; Detinue; Evidence; Notice.*—Under the evidence in this case, it was a question for the jury whether plaintiff's mortgage, covered the mule, the subject of the detinue action, and whether the defendant had notice, either actually or constructively of that fact when he purchased the mule.

2. *Same; Instruction.*—Where the action was by a mortgagee against the purchaser of a mule for the possession of a mule described in the mortgage as a bay mule, and there was a conflict in the evidence whether the mule sued for was a bay mule or a black mule, and also whether the mortgagor had another bay mule which he intended to mortgage, it was proper to refuse an instruction asserting that if the mule in question was a bay mule, then the verdict should be for the plaintiff,

3. *Same.*—In such an action an instruction that if the mortgagor had a bay mule of that name on which he gave the mortgage, the verdict should be for the defendant, ignored evidence tending to show that the mule sued for was a bay mule, and was the mule mortgaged.

4. *Same.*—In such an action, a charge directing a verdict for the defendant, if the jury should find that the mortgagor at the time he made the mortgage had a bay mule and a black mule, and that defendant bought the black mule with knowledge of such facts, was erroneous, although the recording of the mortgage in the case would not be constructive notice; there being evidence that defendant had actual notice that the mule he bought was covered by the mortgage.

APPEAL from Lawrence Circuit Court.

Heard before Hon. A. H. ALSTON.

Detinue by Lindsey & Company against Dee Steenson, for the recovery of a mule. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

[Lindsey & Company v. Steenson.]

Transferred from the Court of Appeals under the act creating such court.

CHENAULT & DOWNING, for appellant.

D. C. ALMON, for appellee.

SOMERVILLE, J.—(1) The plaintiff sues for the possession of "one dark mule known as the John Cooper mule." The biography of this mule, as far as we can trace it through the checkered evidence of his doubtful, if not double, personality, is as follows: In February, 1906, one John Cooper executed to plaintiff a mortgage deed on "one bay horse mule six years old named Jack." Plaintiff says that mortgage description was thus determined: "I asked John Cooper what color that mule was, and he said, 'Black.' And I asked him if there was any red about him, and he said, 'Yes,' and I said, 'we would call him a bay mule, then.' He said he was six years old and his name was Jack."

Will Cooper, John's brother, identifies the mule now in defendants possession as the same mule mortgaged by John to plaintiff, and it is not disputed that defendant's mule was purchased by him from John Cooper in April, 1907.

According to one witness, defendant had actual notice from Cooper that there was a mortgage on this mule at the time he bought him. This is denied by defendant.

Whether defendant's mule was called Jack or John by his former owner is sharply disputed. The chief controversy, however, was with respect to the color of defendant's mule, and the color of the mule mortgaged to plaintiff. Plaintiff himself describes his mule in the mortgage as a bay mule; in a note written to defend-

ant in December, 1911, he claims to have a mortgage on "the John Cooper black horse mule;" and in his complaint—with prudent forebodings, perhaps—he calls him simply a "dark" mule.

A number of witnesses testified as to the color of the two mules—or of the one mule, if the two are but one—and it appears that the mule's most intimate acquaintances are in hopeless disagreement as to his real color. Speaking of the mule in suit, some describe him as bay, some as dark bay, and some as black. To quote a few opinions: Will Cooper: "I called this a black mule. Some seasons he was lighter than others. He would change sometimes." Charles Heflin: "That mule was a dark bay mule. He did not change color while I had him." W. E. Finney: "That mule was a bay mule." D. Stephenson: "He was bay part of the time. He was almost black when he shed off. I do not think it could be considered a bay mule." Dee Almon: "The mule is what I would call a bay mule." J. Steenson: "Its color was black; I called it a black mule." J. Smith, R. Pickens, and J. C. Kumpe: "He is black." W. Steenson: "It was a bay horse mule named Jack."

Defendant's evidence tended to show that John Cooper had other mules than this in 1906 and 1907, and, in particular, a bay mule named Jack. Plaintiff's evidence, on the other hand, tended to show that Cooper had no other mule named Jack at the date of the mortgage, and that defendant's mule is the mule mortgaged to plaintiff.

Clearly there were but two questions of fact in the case: (1) The identity of the mule in suit with the mule mortgaged by John Cooper to plaintiff; and (2) notice to defendant of the existence of plaintiff's mortgage as a conveyance of the mule, whether constructively by the record of the mortgage, or by verbal no-

tice from John Cooper, at the time of defendant's purchase. Under the evidence there can be no doubt that each of these question was for the jury to determine.

(2) The trial judge refused to instruct the jury, at plaintiff's request, "If the mule sued for is a bay mule, your verdict should be for the plaintiff." This charge was properly refused, since the jury might have failed to also find—what was essential to plaintiff's recovery—that defendant's mule, though a bay mule, was not the identical mule mortgaged to plaintiff.

(3) At defendant's request, the jury were instructed: "If you believe from the evidence in this case that John Cooper had a bay mule named Jack which he gave Lindsey the mortgage on, * * * then your verdict must be for the defendant.

This charge was erroneous because it wholly ignored the evidence tending to show that the mule in suit was also a bay mule and may have been the bay mule mortgaged. Another similar charge should have been refused for the same reason.

(4) On the hypothesis of a finding that Cooper had at the date of the mortgage a bay mule as therein described, and also a black mule, and that defendant bought the black mule with a knowledge of such facts, the jury were instructed that the record of the mortgage was no notice to defendant of a mortgage on the black mule. If the charge had stopped here, it would have been apparently free from fault; but it went further and instructed the jury to therefore find for defendant. This ignored the tendency of the evidence to show actual notice to defendant of the mortgage on his mule, whether bay or black.

There was no material error in the rulings on the evidence.

Let the judgment be reversed, and the cause be remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.