(79 South. 11)

J. A. LINDSEY & CO. v. STEENSON.
(8 Div. 108.)

(Supreme Court of Alabama. April 25, 1918.)

1. TRIAL ⬦143—QUESTION FOR JURY.
Where the evidence was conflicting, the affirmative charge requested by defendant, was properly refused.

2. APPEAL AND ERROR ⬦1067 — HARMLESS ERROR—INSTRUCTIONS.
Where there was no recovery for plaintiffs in detinue for possession of a mule, no reversible error was committed by refusing to give a charge as to the balance due on plaintiffs' mortgage, though there was no conflict in the evidence as to the amount.

3. APPEAL AND ERROR ⬦1078(4)—QUESTIONS AS TO EVIDENCE—WAIVER.
Questions reserved on the introduction of evidence, not being insisted upon in argument of counsel, will not be considered.

4. CHATTEL MORTGAGES ⬦47—CONSTRUCTIVE NOTICE—DESCRIPTION OF PROPERTY.
If property conveyed is not described so as to identify it with reasonable certainty, and there is nothing of record to put the searcher on inquiry, the record will not give constructive notice of the conveyance.

5. CHATTEL MORTGAGES ⬦229(3)—VARIANCE —DESCRIPTION OF MORTGAGED PROPERTY.
In detinue for the possession of "one dark mule known as the John Cooper mule," claimed by plaintiffs under mortgage covering "one bay horse mule six years old named Jack," there was no variance between the descriptions sufficient to exclude the mortgage from the jury, had timely motion been made.

6. CHATTEL MORTGAGES ⬦49(1)—CONSTRUCTIVE NOTICE—DESCRIPTION OF PROPERTY.
As between mortgagees of a mule and its purchaser from the mortgagor, the mortgage, if its record is to be constructive notice to the purchaser of the lien on the mule, must point out the subject-matter, so that the purchaser, by it, together with such inquiries as the instrument suggests, may be able to identify the mule intended to be covered.

7. CHATTEL MORTGAGES ⬦229(1)—CONSTRUCTIVE NOTICE—QUESTION FOR JURY.
In detinue for possession of a mule claimed by plaintiffs under a mortgage, whether the necessary inquiry the recorded mortgage suggested, if pursued by defendant purchaser from the mortgagor, would have disclosed that the mule in suit was that covered by the mortgage, is for the jury.

8. CHATTEL MORTGAGES ⬦229(1)—INSTRUCTION.
In detinue for a dark mule known as the John Cooper mule, claimed by plaintiffs under a mortgage, a charge that if the jury believed the mule sued for might reasonably and fairly have been described as a dark bay horse mule six years old named Jack (the description in the mortgage) defendant purchaser from the mortgagor had constructive notice of the existence of the mortgage when recorded, was misleading as to the attempted description of the mule and in that respect an invasion of the jury's province.

Appeal from Circuit Court, Lawrence County; R. C. Brickell, Judge.

Action of detinue by J. A. Lindsey & Co. against Dee Steenson. From judgment for defendant, plaintiff appeals. Transferred from the Court of Appeals under Act April 18, 1911, p. 449, § 6. Affirmed.

The following charges were refused to plaintiff:

3. If you believe the evidence in this case you will find that the balance due upon the mortgage debt is $34.97, with interest since October 1, 1906.

AA. If you believe from the evidence that the mule sued for might reasonably and fairly have been described as a dark bay horse mule six years old named Jack, then I charge you that defendant had constructive notice of the existence of Lindsey's mortgage when he put it on record.

Chenault & Downing, of Moulton, for appellant. D. C. Almon, of Albany, for appellee.

THOMAS, J. The suit is in detinue, for the possession of a mule described in the complaint as "one dark mule known as the John Cooper mule." This is the second trial; each trial resulting in a verdict for the defendant. On the former appeal it was declared that the identity of the mule in suit with the mule mortgaged by John Cooper to plaintiffs, and actual or constructive notice to defendant of the existence of plaintiffs' mortgage as a conveyance of the mule, at the time of defendant's purchase from Cooper, were questions for the jury to determine. Lindsey & Co. v. Steenson, 192 Ala. 169, 68 South. 332.

[1] The same conflict presented on the former trial, as to the color of the two mules owned by John Cooper when the transactions in question took place, is presented by this appeal. The affirmative charge requested by defendant was properly refused. Amerson v. Corona Coal &. Iron Co., 194 Ala. 175, 69 South. 601.

The several objections and exceptions made and reserved during the introduction of evidence on the second trial are found to be without merit. The court correctly offered to permit plaintiffs to show that they received certain information from the defendant that caused them to give notice of their claim to the black mule then held by defendant.

Without objection, the defendant had testified that the full amount of plaintiffs' mortgage by John Cooper had not been paid, and after witness had deducted credits from debits, that the balance due thereon was $34.-

97, with interest. It was not reversible error to sustain objection to the further questions as to the source from which witness had obtained his information, "as to that balance." The trial judge correctly observed that the witness had stated the balance due, and it was immaterial to state the source of witness' information, since the books of Lindsey & Co., containing the account in question of John Cooper with that firm, were not offered in evidence.

[2] Since there was no recovery for plaintiff, no reversible error was committed by the trial court in refusing to give charge 3, as to the balance due on the mortgage, though there was no conflict in the evidence as to that amount.

[3] The other questions reserved on the introduction of evidence, not being insisted upon in argument of counsel, will not be considered. Georgia Cotton Co. v. Lee, 196 Ala. 599, 72 South. 158.

[4] If property conveyed is not so described as to identify it with reasonable certainty, and there is nothing of record to put the searcher on inquiry, such record will not give constructive notice of the conveyance. Gill v. More, 76 South. 453, 457;[1] Hickey v. McDonald Bros.; 160 Ala. 300, 48 South. 1031; Tompkins v. Henderson & Co., 83 Ala. 391, 3 South. 774; Stickney v. Dunaway & Lambert, 169 Ala. 464, 53 South. 770; Woods v. Rose & Co., 135 Ala. 297, 33 South. 41; Connally v. Spragins, 66 Ala. 258; Ellis v. Martin, 60 Ala. 394; Center v. P. & M. Bank, 22 Ala. 743; Barrett v. Fisch, 76 Iowa, 552, 41 N. W. 310, 14 Am. St. Rep. 238.

In Tompkins v. Henderson & Co., supra, discussing the sufficiency of description of property in a mortgage to put parties in interest on inquiry, the Chief Justice. observed that, to come up to the rule, it is not enough that the facts, of which the party sought to be charged has notice, shall be sufficient to put him on inquiry; that "it requires that the finding shall go further, and produce reasonable conviction that such inquiry, if followed up, would have led to a knowledge of the facts sought to be established"—in this case the identity of the mule sued for with the one conveyed in the mortgage. Smith v.

Davenport, 12 Ala. App. 456, 461, 68 South. 545.

[5] With respect to the color of the mule described in the complaint as "one dark mule known as the John Cooper mule," and the color of the one described in the mortgage as "one bay horse mule six years old named Jack," these descriptions involved no variance sufficient to exclude the mortgage from the jury had timely motion to that end been made on the trial. Holman v. Clark, 148 Ala. 286, 41 South. 765; Stickney v. Dunaway & Lambert, 169 Ala. 464, 53 South. 770.

[6] Was, then, the record of the mortgage constructive notice to defendant of the lien on the mule in question, as between the mortgagee' and the purchaser of the mule from the mortgagor? Judge Freeman states the rule, as between such parties, to be that the mortgage must point out the subject-matter of it, so as that such persons by it, together with such inquiries as the instrument suggests, may be able to identify the property intended to be covered thereby. Barrett v. Fisch, 76 Iowa, 552, 41 N. W. 310, 14 Am. St. Rep. 238, 242. As thus declared, the rule is in accord with that obtaining in this jurisdiction. Mitchell v. Abernathy, 194 Ala. 608, 69 South. 824, L. R. A. 1917C, 6; Stickney v. Dunaway & Lambert, supra (169 Ala. 468, 53 South. 770); Veitch v. Woodward Iron Co., 76 South. 124;[2] Gurley v. Davis, 39 Ark. 394; Dodds v. Neel, 41 Ark. 70; Cass v. Gunnison, 58 Mich. 108, 25 N. W. 52; Jones on Chat. Mortg. § 55; 6 Cyc. 1022.

[7, 8] Whether the necessary inquiry, as the instrument suggested, if pursued by the defendant purchaser, would have led to discovery of the fact that the mule in suit was the mule covered by the mortgage, can only be answered by the jury. Tompkins v. Henderson, supra; Stickney v. Dunaway & Lambert, supra; Lindsey v. Steenson, supra. Charge AA, requested by the plaintiffs, was misleading as to the attempted description of the mule and in that respect was an invasion of the province of the jury.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.

[1] 200 Ala. 511.

[2] 200 Ala. 358.