(87 South. 442)

## ALLEN v. ALGER–SULLIVAN LUMBER CO.
### (3 Div. 453.)

(Supreme Court of Alabama. Jan. 20, 1921. Rehearing Denied Feb. 12, 1921.)

**1. Master and servant ⬤228(2) — Contributory negligence inapplicable to parent's count for wrongful employment of minor.**

In a suit by a father for death of a minor son employed by defendant, a plea of contributory negligence is properly allowed as answer to counts under the Homicide Act, but the plea is not a proper answer to a count resting upon employment of the son in dangerous work without plaintiff's consent.

**2. Appeal and error ⬤1078(1)—Assignments of error not insisted upon in briefs not discussed.**

It is not necessary that the appellate court discuss assignments of error not insisted upon in brief or argument of counsel.

**3. Parent and child ⬤7(14)—Instruction as to knowledge constituting assent to employment of minor child held proper.**

In an action by a father for injuries to his minor son, under and by reason of employment by defendant of the son in dangerous work without plaintiff's consent, an oral charge that, if it was brought home to plaintiff's knowledge that his son was working for defendant, and he did nothing, he thereby assented to the employment, held proper.

**4. Parent and child ⬤7(3)—Minor son must be in discharge of duties when killed to warrant recovery by father on ground that employment was without his consent.**

In a suit by father for death of minor son by reason of employment by defendant of the

son to engage in dangerous work without plaintiff's consent, plaintiff could not recover simply because defendant · employed the son without his consent, but the son must be injured while in the discharge of the duties at which he was employed or placed by the defendant.

**5. Parent and child ⊚⇒7(1)—Injury to plaintiff's son held not to grow out of employment.**

In an action by father to recover for death of minor son alleged to have been employed by defendant to engage in dangerous work without plaintiff's consent, death of boy when he left his place of business as wood chucker and went 300 or 400 yards, where men were cutting trees down, and wanted to shoot craps with them, *held* not to grow out of his employment.

**6. Trial ⊚⇒267(1)—Adding to requested instruction held not reversible error.**

Under Acts 1915, p. 815, requiring requests to charge to be given in terms requested, the giving of a requested instruction that it is unlawful to employ a minor in dangerous work without the consent of the parents, and then giving in addition definition of consent, *held* not reversible error, when the entire charge, both oral and written, asserts the law governing the facts in evidence.

Appeal from Circuit Court, Conecuh County; John D. Leigh, Judge.

Action by Hays Allen against the Alger-Sullivan Lumber Company for damages for the death of plaintiff's minor ·son Rupert Allen. Judgment for defendant, and plaintiff appeals. Affirmed.

Count 1, as amended, after stating that the defendant was engaged in the timber and logging business in Conecuh county, Ala., and that plaintiff's minor son was in the employment or service of the defendant without the consent of plaintiff, and that while in such employment a log or tree was negligently cut down in such manner as to fall or be thrown across a log or piece of timber on which plaintiff's son was at the time sitting, causing said piece of timber to throw his said son violently to the ground, causing his death, it is alleged that the said minor son's death—injury and death—was the proximate consequence of and caused by the negligence of such persons, whose names are unknown to plaintiff, and who were in the service or employment of defendant.

Amended count 3 is practically the same as count 1, with the additional allegation that defendant's servants or agents, while acting.within the line and scope of their employment, negligently cut down a log or tree, etc.

Amended count 2 alleges that the defendants were engaged in the timber and logging business in Conecuh county, and. in and about the conduct of such business were cutting and felling trees, dragging and pulling them about with great force with a steam skidder, and in and about the management thereof defendant wrongfully, without the consent of the plaintiff, caused plaintiff's minor son to work in and about the management and operation of said timber and logging business, which said place or work was highly dangerous to a person of his youth and inexperience, and as a proximate consequence of said wrong plaintiff's son was killed, etc.

Plea 2 alleges that defendant employed Rupert Allen to chop wood for its skidder at the time of his alleged death, and defendant avers that the said Rupert Allen negligently left his place of employment, which said place of employment was back of the skidder, and went a distance of 1,000 feet, to where defendant had employees working cutting logs, and plaintiff's minor son negligently stood or sat upon a ·log in such close proximity to a tree which was being sawed down that the said tree fell across the said log and caused the log to throw plaintiff's minor son so that he was thereby killed, and plaintiff avers that the negligence of plaintiff's minor son properly contributed to his own death, and that the said minor son of the plaintiff was employed by and with plaintiff's consent.

Hybart & Hare, of Monroeville, for appellant.

A parent is not bound to notify the employer that he does not consent. 75 Tex. 310, 12 S. W. 855, 16 Am. St. Rep. 887. The court was in error in qualifying or explaining charge A. Acts 1915, p. 815; 10 Ala. App. 301, 64 South. 668. Counsel discuss other assignments of error, but without further citation of authority.

Hamilton & Page, of Evergreen, for appellee.

Any error in the court's oral charge as to count 2 was error without injury, as the defendant was entitled to a directed verdict on count 2. 204 Ala. 92, 85 South. 278; 156 Ala. 304, 47 South. 64; 153 Ala. 305, 45 South. 73.

THOMAS, J. The suit was by father for death of minor son. Counts 1, as amended, and 3 were under the Homicide Act (Code, § 2485). Count 2, as amended, was rested upon employment by defendant of plaintiff's minor son to engage in dangerous work, without plaintiff's consent, and his injury and. death as a proximate consequence thereof.

[1] Plea 2 of contributory negligence was properly allowed as answer to counts 1, as amended, and 3, and not to count 2. Allen v. Alger-Sullivan Lbr. Co., 204 · Ala. 92, 85 South. 278.

[2] It is unnecessary to discuss assignments of error not insisted upon in brief or argument of counsel. Georgia Cotton Co. v.

Lee, 196 Ala. 599, 72 South. 158; Lindsey v. Steenson, 201 Ala. 589, 79 South. 11; Bowdoin v. Ala. Chem. Co., 201 Ala. 582, 79 South. 4; Adams Hdw. Co. v. Wimbish, 201 Ala. 547, 78 South. 901; Ala. Power Co. v. Hamilton, 201 Ala. 62, 69, 77 South. 356.

[3] The first insistence in argument for error is that the court invaded the province of the jury in stating in the oral charge that:

"I charged them that if it was brought home to his knowledge [Hays Allen] that this man [the minor son] was working for the Alger-Sullivan Lumber Company, was brought home to his [the father's] knowledge, and he did nothing, that would be an assent."

Plaintiff's counsel said: "That's what we except to." The court had charged that—

"Count 2 of the complaint is based on the fact that the Alger-Sullivan Lumber Company employed the minor son of Hayes Allen without first getting his consent and without his knowledge;" that "one of the mooted questions in the case [was] whether or not Hayes Allen knew that his son was employed by this company, and * * * whether or not he assented, consented, or had knowledge that his son was working for the Alger-Sullivan Lumber Company. Now this consent or knowledge may be direct or implied, but just so it brought home knowledge to Hayes Allen that his son was working for the Alger-Sullivan Lumber Company, and he made no effort to prevent that, then that is an assent to the fact that his knowledge, to bring home to his knowledge the fact that he was working for the company. * * * If you are reasonably convinced that Hayes Allen gave his consent or assent, either directly or implied, that his son worked there, and that this place was a place of safety and not a dangerous place, then in that event the plaintiff could not recover under count 2, but, on the other hand, you find that Hayes Allen never gave his consent, but that they, the Alger-Sullivan Lumber Company, employed him without the consent of Hayes Allen, either directly or implied, * * * then" the jury would "find whether they placed him in a dangerous and hazardous position. If you find that they did, and that he didn't give his consent, then your verdict, should be for the plaintiff [giving the form of the verdict]."

Continuing:

"* * * If you find upon the other hand that his father knew of his employment at this place, either directly or implied, and assented to it, then the form of your verdict would be, 'We, the jury, find for the defendant.'"

Thereupon plaintiff's counsel said:

"We reserve an exception to this part of your honor's oral charge to the jury: 'If Hayes Allen heard he was working for the Alger-Sullivan Lumber Company, and did nothing that would be an assent on his part.'"

When the whole of the oral charge is considered, the issue of fact under the law having application to the second count was correctly stated to the jury.

The case of Gulf, Colorado & Sante Fé Ry. Co. v. Redeker, 75 Tex. 310, 12 S. W. 855, 16 Am. St. Rep. 887, 890, is not to the contrary. That case turned upon the fact that the knowledge of employment of the minor son was charged to the mother, and not to the father, "the managing head of the family, except in extreme cases." The rule in this jurisdiction is stated in T. C. I. & R. R. Co. v. Crotwell, 156 Ala. 304, 306, 47 South. 64, as follows:

"The burden of proof was undoubtedly upon the plaintiff to substantiate the material allegations of her complaint. To this end she was under the duty of showing by some degree of proof that her son was a minor; that he was employed by the defendant without her consent; that the mine in which he was put to work by defendant was perilous and dangerous; and that he was injured while in the discharge of his duties under the employment."

[4, 5] The gravamen of count 2 is the employment without consent of the plaintiff in and about dangerous work, and that the plaintiff's intestate must have been injured while in the discharge of his duties of such employment. It could not be said that defendant was liable simply because it employed plaintiff's intestate, a minor, conceding such employment was without the father's consent; but the evidence must tend to show that plaintiff's intestate was injured while in the discharge of the duties at which he was employed or placed by the defendant. On former appeal it was held that the evidence or inferences to be drawn therefrom failed to show liability under count 2. On this appeal one of the witnesses testified on cross-examination that intestate "left his place of business as a wood chucker and came up there about 300 or 400 yards, where we were cutting these trees down, and wanted to shoot craps with us," and, while so stepping aside from his place of employment by defendant, was killed as the result of a falling tree, cut or sawed by defendant's other agents. We have carefully examined the evidence, and are of the opinion that the boy's injury and death did not grow out of anything pertinent to his employment as a "wood chucker," but out of his own act in leaving his employment and going among the trees being cut down by other of the defendant's servants.

The rule announced in Crotwell's Case, supra, is upheld in Woodward Iron Co. v. Curl, 153 Ala. 205, 44 South. 974, and in Huntsville Knitting Mill Co. v. Butner, 194 Ala. 317, 325, 69 South. 960.

The same rule was upheld in Birmingham News Co. v. Andrews, 87 South. 168,[1] under the provisions of the Child Labor Act (Gen. Acts 1915, p. 193), where it is observed of the inhibition against employment of a child

[1] 204 Ala. 649.

under 16 years of age to work in any gainful occupation except agriculture or domestic service that it was "obviously intended to protect the physical health of children against the evils of excessive and unseasonable hours of work at an age when they are unfit to bear such burdens; and the prevention of physical injuries in occupations and at places not inherently dangerous to children within the prohibited age was not within the apparent purpose of the enactment," but that there are provisions of the act that inhibit absolutely the employment of children under 16 years of age in occupations and at places regarded as inherently dangerous or hurtful to them; that, their presence at such places being forbidden and unlawful, an employer is held liable for any injury suffered by a child in the course of his employment, whether the injury is the result of performing the service or of contact with such agency associated with the employer's business or inherent in its environment.

On former appeal, writing of the evidence under count 2 as amended, it was said:

"The boy was between 14 and 15 years of age, and was engaged to cut wood back of the skidder, which work, as well as his surroundings, so far as this record shows, were entirely safe. Nor does it appear that he was injured on account of any part of defendant's work being attractive, nor that he was enticed to the place of his injury, but merely left his place of employment and went to where they were cutting down trees, which was several hundred feet away, in an effort to engage some of the hands in a game." Tenn. C. I. & R. R. Co. v. Crotwell, supra; Allen v. Alger-Sullivan Lbr. Co., supra.

The observations thus made on former appeal of the place of employment of said minor are applicable to the facts on present appeal.

[6] The court gave written charge A, at the request of plaintiff:

"I charge you, gentlemen of the jury, that under the laws of this state it is unlawful for anyone to employ a minor in dangerous work without the consent of his parents"

—and stated to the jury:

"That consent may be implied from the circumstances, and not necessarily from a direct statement from the father."

This was not a violation of the provisions of an act approved September 25, 1915 (Acts, p. 815). When the entire charge of the court, both oral and written, correctly asserts the law governing the facts in evidence, a reversal will not be made under the act of 1915, supra. Such is held to be the rule, though the charge contains some expressions which, disconnected from the rest of the charge, fail to state all the constituents of the offense. Williams v. State, 83 Ala. 68, 3

South. 743; Ala. F. & I. Co. v. Ward, 194 Ala. 242, 69 South. 621; Capital Security Co. v. Owen, 196 Ala. 385, 72 South. 8; Tarver v. State, 17 Ala. App. 424, 85 South. 855.

We find no reversible error. The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.