(104 So. 320)

**HAMMOND v. CABANISS et al.** (2 Div. 862.)

(Supreme Court of Alabama. April 16, 1925.
Rehearing Denied May 28, 1925.)

**1. Chattel mortgages �köü47—Only sufficient description to identify property covered required.**

Description in chattel mortgage is sufficient, if, together with such inquiries as instrument suggests, it enables one of reasonable prudence to identify property covered.

**2. Chattel mortgages �köü49(1)—Chattel mortgage on live stock held sufficient.**

General description in chattel mortgage on live stock giving their number, location, and the name of the person in possession *held* sufficient.

**3. Chattel mortgages �köü47—Chattel mortgage in form of deed of trust held to properly show person in possession.**

Though chattel mortgage was in the form of deed of trust, provision that trustee might take possession on default, or on belief that security was in danger, *held* to sufficiently show that mortgagor was in possession until condition broken.

Appeal from Circuit Court, Hale County; S. F. Hobbs, Judge.

Bill by L. Hammond, as trustee, against E. H. Cabaniss, Jr., and others, to foreclose a chattel mortgage or deed of trust. From a decree sustaining a ·demurrer to the bill, complainant appeals. Reversed, rendered, and remanded.

Thos. E. Knight, Jr., and Thos. E. Knight, both of Greensboro, for appellant.

The description in the deed of trust was not so indefinite as to render it void. Mitchell v. Abernathy, 194 Ala. 608, 69 So. 824, L. R. A. 1917C, 6; Brooks v. Bank, 210 Ala. 689, 98 So. 907; Ellis v. Martin, 60 Ala. 394; Smith v. Fields, 79 Ala. 335; Varnum v. State, 78 Ala. 28; Hurt v. Redd, 64 Ala. 85; Jones on Chat. Mortg. (3d Ed.) § 54; Wood v. Rose & Co., 135 Ala. 297, 33 So. 41; Stickney v. Dunaway & Lambert, 169 Ala. 464, 53 So. 770.

R. B. Evins, of Birmingham, for appellees.

The description of the property is fatally indefinite. Wood v. East Pratt Coal Co., 146 Ala. 479, 40 So. 959.

BOULDIN, J. The bill is to foreclose a chattel mortgage in form of a deed of trust. Respondents claim through the mortgagor, relying upon title acquired subsequent to the execution and record of the mortgage. Demurrers challenge the sufficiency of the description of the property to charge third persons with constructive notice of the mortgage.

The granting and descriptive clause reads:

"In consideration of $10, cash in hand paid, I hereby convey and warrant to L. Hammond, trustee, the following described property in Hale county, Ala., to wit:

"27 head cows and heifers and Jersey bulls, 1 bay horse, named Wilson, 4 head Duroc Jersey sows, or any cows, hogs, or bulls, or their increase that may be in his possession during the life of this trust deed. 1 No. 12 Delaval cream separator."

The bill further avers that, at the time of the execution and record of the mortgage, the mortgagor resided in Hale county, Ala., and had the live stock in his possession in that county; and that respondents now in possession reside in Hale county.

"'As against third persons the mortgage must point out the subject-matter, so that the third person may identify the property covered, by the aid of such inquiries as the instrument itself suggests.' 6 Cyc. 1022; Jones on Chat. Mort. § 55; Stickney v. Dunaway, 169 Ala. 464, 53 South. 770." Mitchell v. Abernathy, 194 Ala. 608, 609, 69 So. 824, 825 (L. R. A. 1917C, 6).

[1, 2] If the description itself, together with such inquiries as the instrument suggests, will enable a person of reasonable prudence to identify the property covered by the mortgage, it is sufficient. Accordingly, a mortgage of live stock by general description, accompanied with further descriptive matter giving the location of the property and the name of the person in possession, is sufficient. Stickney v. Dunaway, 169 Ala. 464, 53 So. 770; Hurt v. Redd & Co., 64 Ala. 85; Connally v. Spragins, 66 Ala. 258; Woods v. Rose & Co., 135 Ala. 297, 33 So. 41; Varnum v. State, 78 Ala. 28; Ellis v. Martin, 60 Ala. 394; 11 C. J. 465, 466, §§ 90, 91, 92.

[3] It is suggested that the description above imports possession of the property in the trustee, and does not give constructive notice of property in the possession of the mortgagor at the time. The mortgage further provides that upon default the trustee may "take possession of the personal property." Again:

"If the trustee or beneficiary under this trust shall, at any time, believe any of the property herein conveyed endangered as security by remaining in his possession, the trustee may take possession of same."

These clauses show retention of possession in the mortgagor until condition broken, and give notice to any one reading the record that the words "his possession," used in the description, mean the mortgagor's possession.

We conclude the description of the property, taken in connection with the entire instrument, is sufficient.

The decree sustaining the demurrers to

the bill is reversed, and one here rendered overruling them.

Reversed, rendered, and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.