## Merriman & Co. *v.* Knox.

*Action on Promissory Note for Commercial Fertilizer.*

| 99 | 93 |
| 104 | 654 |
| 99 | 93 |
| 107 | 465 |
| 99 | 93 |
| 113 | 207 |

1. *Note given on sale of commercial fertilizer; failure to comply with statute.*—In an action on a promissory note given for the price of a quantity of commercial fertilizer bought by the defendant, a plea averring that the sale was made in Alabama, and that the tags were not affixed to the bags when delivered, and that the sellers had not taken out a license, as required by law, (Code, §§ 140-141), is a full defense to the action.

2. *Same; not affected by the non-residence of seller.*—Before a valid sale of commercial fertilizer can be made in this State, the seller must be licensed, and the fertilizer tagged, as required by the statute (Code, §§ 139-141); and this is true whether the seller is a resident or non-resident, and whether the fertilizer was manufactured in this State or elsewhere.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by the appellants, Merriman & Co., against the appellee, C. J. Knox; and counted upon a promissory note, made by the defendant to the plaintiffs. The defendant pleaded two special pleas to the complaint. In the first, it was averred that the only consideration for the promissory note, the foundation of the suit, was a quantity of fertilizer sold by the plaintiffs to the defendant; that the contract of sale was made in Troy, Alabama, by the defendant with one of the plaintiffs, the note executed in Troy, and the fertilizer was to be delivered there; and that when the contract of sale was made, the fertilizer was not tagged by the plaintiffs, or any one for them, as required by section 141 of the Code of 1886, nor were the bags or sacks tagged at the time of delivery to the defendant. In the

second plea, after alleging the sale, &c., it was averred that at the time of sale the plaintiffs were not licensed as required by section 140 of the Code of 1886. To these pleas the plaintiffs filed their replication, alleging that they were citizens of Maryland, and the goods sold, for which the note was executed, were manufactured in the State of Maryland, and shipped from the city of Baltimore in the said State. To this replication the defendant demurred on the ground that it was no answer to either of said pleas; and that it failed to negative either of the averments of said pleas.

The court sustained the defendants demurrer to the replication; and upon issue being joined, a verdict was found in favor of the defendant, and judgment rendered accordingly. The plaintiffs prosecute the present appeal, and assign as error the rulings of the trial court in sustaining the demurrer to their replication.

Gardner & Wiley, for appellants.

Knox & Gamble, contra.

WALKER, J.—A sale in this State of commercial fertilizer is void, if the person making the sale has not been licensed as required by the statute, or if the fertilizer is not tagged as required by the statute.—Code, §§ 139 to 141. The former decisions of this court have settled the propositions, that the statute in question is a legitimate police regulation, and that it is a good defense to a note given for the agreed price of a quantity of commercial fertilizer bought by the defendant, that the sale was made in Alabama by a person not licensed as the statute requires, or that tags were not affixed to the bags or packages when delivered, as by law required. *Steiner v. Ray*, 84 Ala. 93; *Johnson v. Hanover National Bank*, 88 Ala. 271; *Campbell v. Segars*, 81 Ala. 259. If the sale is made in this State it makes no difference whether the seller is a resident of the State or a non-resident, or whether the fertilizer sold was manufactured in this State or elsewhere. The statute makes no discrimination against the residents or products of other States. No exemption from obedience to such a police regulation is allowed to non-residents, or to the products of other States which are sold in Alabama. The replication of the plaintiffs to the defendant's plea, in stating that they were citizens of the State of Maryland, and the goods sold were manufactured in that State and shipped from the city of Baltimore, but not denying that the sale was

made in this State, or that there was a failure to comply with the requirements of the statute, disclosed no valid objection to the defenses set up by the pleas. There was no error in sustaining the demurrer to the replication.

Affirmed.