# Brown & Co. v. Adair & McCarty Bros.

### Action on Promissory Note for Commercial Fertilizer.

1. *Sale of fertilizer by non-resident; void for failure to attach tags.*— Where a contract of sale of commercial fertilizer, executed in this State, provides that the seller, who is a resident of another State, is to deliver the fertilizer contracted for free of freight charges at a designated place in Alabama, the sale is not completed until the fertilizer is brought to, and delivered to the buyer, at such place ; and if tags are not attached to the different packages of fertilizer when so delivered, the sale is, under the statute (Code, § 140), void, although tags may have been attached to said packages when they were shipped.

2. *Same; constitutional law.*—Before a valid sale of commercial fertilizer can be made in this State, the fertilizer must be tagged, as required by the statute (Code, § 141) ; and where a sale of fertilizer is made in this State, the fact that the seller is a resident of another State and the fertilizer is to be brought from other States, does not render such requirement invalid and unconstitutional as being in conflict with the clause of the constitution of the United States which vests in Congress the sole power to regulate commerce between the States.

APPEAL from the Circuit Court of Coosa.
Tried before the Hon. N. D. DENSON.

The facts of the case are sufficiently stated in the opinion.

FELIX L. SMITH, J. H. PARKER and GEORGE A. SORRELL, for appellant.—1. The contract of sale involved in this case was not completed until the fertilizer was delivered to Brown & Co. at Kellyton, Alabama, and all freight charges paid thereon.—*Pilgreen v. State*, 71 Ala. 368 ; 21 Amer. & Eng. Encyc. of Law, 528, 530 ; *Devine v. Edwards*, 101 Ill. 138 ; *Userry v. Nichols Manfg. Co.*, 11 N. Y.

2. The sale of the guano not being complete until the goods arrived at Kellyton F. O. B. the cars, the fact that the tags were attached in Atlanta, Ga., or Charleston, S. C., before the sale was complete, and before the goods

were delivered to Brown & Co. is not a compliance with our law. The tags must attend the sale to legalize it. *Clark's Cove Guano Co. v. Dowling*, 85 Ala. 142, and authorities cited.

A. & R. B. BARNES, *contra.*—1. In this case, the appellees, before selling, or offering to sell the guano, attached said tags, and fowarded direct to appellants, and the tags were lost in transit, while the goods were being delivered to the vendee. In the *Clark's Cove Guano Case* the goods were not tagged when process of delivery commenced. In this case, the appellants obtained their guarantee, even if misplaced in transit, for the appellants could have sued on this guarantee; and the State received the tax on this very sale itself. Then no penalty or forfeiture should attach.—*Steiner v. Ray*, 84 Ala. 93.

2. Besides this, the appellees were citizens of another State and shipped the guano in bulk, and delivered it in bulk to appellants, and to require a tax of them to do this, would be in conflict with the clause of the constitution of the United States, which rests the sole power in Congress to regulate commerce between the States. *County of Mobile v. Kimball*, 102 U. S. Rep. 696. While the balance of the fertilizer law is a police regulation, the requirement to purchase tags is a tax.—*Steiner v. Ray*, 84 Ala. 93.

McCLELLAN, J.—This action is prosecuted by Adair & McCarty Bros., a partnership, against J. A. Brown & Co. on two writings executed and sealed by Brown & Co., wherein they promised to pay the plaintiffs the sums claimed in the complaint. The sole defense was that the consideration of these writings was commercial fertilizer sold by plaintiffs to defendants since the passage of the act of February 17, 1885—Code, §§ 129-155; that the sale and delivery thereof were made in this State and that the packages in which the commodity was sold and delivered were not tagged as required by section 141 of the Code. The contract of sale was in writing and was entered into and executed at Kellyton, Ala. By its terms the plaintiffs, who were residents of Georgia, undertook to deliver the fertilizer contracted for on board of cars at Kellyton, Ala., free of all freight charges. The commodity was delivered accordingly to the defend-

ants at Kellyton. The evidence for the plaintiffs tends to show that when the fertilizer was shipped in sealed cars from Charleston, S. C., and Atlanta, Ga., the packages in which it was contained had attached to each one of them the tags required by the statute referred to. The evidence for the defendants tended to show ''that on the arrival of one of the cars so shipped by the plaintiffs to the defendants at Kellyton, Ala., the seal was then and there broken, the car opened and the fertilizers or guano contained therein was not tagged, nor the sacks or bags contained therein did not have an Alabama tag attached to them.''

The court, at plaintiff's request, charged the jury as follows : ''If the jury believe from the evidence that the guano was delivered to the common carrier at the shipping point with the tags required by law on each sack or package, consigned to J. A. Brown & Co. at Kellyton, Ala., free on board at that point, the plaintiffs should recover, if said common carrier accepted said goods to be so delivered.'' The correctness of this instruction is the only matter presented for our consideration on this appeal from the judgment of the circuit court in favor of the plaintiffs.

The provision of the statute is that ''before selling or exchanging, or offering to sell or exchange fertilizers, the licensee must attach one of the tags to each bag, barrel or package thereof ; and a sale or exchange of fertilizer, not so tagged, is void.''—Code, § 141. The clear intendment of the statute upon its words is that the tags shall be upon the parcels when they are sold. The obvious purposes of the provision could not be otherwise subserved. And that is the settled construction of the enactment.—*Clark's Cove Guano Co. v. Dowling*, 85 Ala. 142, and cases there cited ; *Merriman & Co. v. Knox*, 99 Ala. 93.

In the case at bar the contract of sale was, as we have seen, made in Alabama. The commodity contracted for was at the time in other States. The stipulation was that the commodity should be brought into Alabama and to Kellyton by the sellers and there delivered to the purchasers. Until it was so brought to and delivered at Kellyton to Brown & Co. the contract was executory, the title to and the possession of the subject matter of the contract was in the plaintiffs, and neither the title nor the possession might ever pass to the defendants. After

shipment, the carrier was the seller's agent to consummate the sale by delivery, and until there was delivery there was no sale.—21 Amer. & Eng. Encyc. of Law, p. 476, and note 1, pp. 528–530, n. 1.

If no tags were on the parcels at the time of the delivery to Brown & Co., which was the time of sale, the fact that these parcels had, at some prior time, been tagged will avail the plaintiffs nothing. In the language of Chief Justice Stone, in an analogous case: "It matters not that the tags may or may not have been attached in Florida, or when the fertilizer was brought across the line. It is only when the sale is made, or is offered to be made, that the duty to affix tags attaches." Whereby with reference to an offer of sale is meant that not only must fertilizer be properly tagged when actually sold, but that the tags must also be affixed whenever, the fertilizer being in the State, a specific offer to sell it is made.—*Clark's Cove Guano Co. v. Dowling*, 85 Ala. 142; *Steiner v. Ray*, 84 Ala. 93; *Campbell v. Segars et al.*, 81 Ala. 260. And it follows from these considerations and authorities that the charge of the court, which authorized a recovery, if the jury believed the parcels of fertilizer delivered to Brown & Co. had been tagged when shipped from Charleston and Atlanta, whether it was tagged or not at the time when the sale was consummated by delivery, was erroneous.

There is, we think, no merit in the suggestion of counsel, at least when considered with reference to the facts of this case, that to require these plaintiffs to tag fertilizer sold by them in this State, they being non-residents, "would be in conflict with the clause of the constitution of the United States which vests the sole power in Congress to regulate commerce between the States." *Merriman & Co. v. Knox*, 99 Ala. 93.

Reversed and remanded.