# Furman Farm Improvement Co.
# *v.* Long.

*Action on Note given for Commercial Fertilizer.*

1. *Commercial fertilizer; sale by agent of licensee valid.*—One who has obtained a State license to sell commercial Fertilizer, as required by the statute (Code of 1886, §§ 139-145), may make sales of commercial fertilizer through an agent; and such sale is as valid as if it had been made by the licensee in person.

2. *Same; license to principal admissible in evidence.*—In an action on a note given for the price of commercial fertilizer, where a defendant sets up as a defense that the sale was made by a person who had no State

[Furman Farm Improvement Co. v. Long.]

license as required by statute (Code of 1886, §§ 139, 140), and it is shown that the person making the sale was the agent of another to whom had been issued a license as required by statute, the license to the principal is admissible in evidence.

3. *Contitutional question; rule of court as to decision thereof.*—An appellate court will not decide a question involving the constitutionality of legislative enactments, where the record presents any other clear ground on which its judgment may be based.

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. JAMES A. BILBRO

This was an action brought by the appellant, the Furman Farm Improvement Company against the appellee, Thos. H. Long, and counted upon a note under seal, which was executed by the defendant to the plaintiff, for the purchase price of commercial fertilizer, which was sold by the plaintiff to the defendant. The sale of the fertilizer was made by Riggsby & Williamson, who were the agents of Jasper Smith, and Jasper Smith was the agent of Adair Bros. & Co., while Adair Bros. & Co. were the agents of the plaintiff, the Furman Farm Improvement Company.

The defendant set up that the sale of the fertilizer was contrary to law in that the person who made the sale had not obtained a license from the Commissioner of Agriculture.

The plaintiff introduced in evidence the note sued upon, which was executed by Thomas H. Long, the defendant to "Adair Bros. & Co., of Atlanta, Georgia, general agents of the Furman Farm Improvement Co.;" and introduced other evidence to show that Adair Bros. & Co. were the general agents of the plaintiff for the sale of Commercial Fertilizer; and that Jasper Smith was the agent of Adair Bros & Co. for the sale of said fertilizer, and that the contract for the sale of the fertilizer for which the note was given was made by Riggsby & Williamson as the agents of Jasper Smith.

The plaintiff offered to introduce in evidence the license issued by the Commissioner of Agriculture to Adair Bros & Co. and to Jasper Smith granting them the privilege of selling commercial fertilizer in this State. The defendant objected to the introduction of this license; the court sustained the objection, and the plaintiff duly excepted.

[Furman Farm Improvement Co. v. Long.]

The plaintiff asked the court to give the general affirmative charge in its behalf, and separately excepted to the court's refusal to give said charge as asked. There were several rulings of the trial court upon the pleadings, which are unnecessary to be set out in detail.

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

O. D. STREET, for appellant.—The statute says, "commercial fertilizers must not be sold or exchanged without a license from the Commissioner, authorizing the person making the sale or exchange to deal therein."—Code of 1886, § 139. This is exactly what was done in the present case. The sale was really made by the person holding the license, notwithstanding the actual sale was made by his agent.

LUSK & BELL, contra.—The license which the plaintiff relied on as being issued to Jasper Smith was no protection or authority to it to sell.—Long v. State, 27 Ala. 32; Shiff v. State, 84 Ala. 484. The license which the plaintiff relied on, being issued to Adair Bros. & Co., was not authority to the plaintiff to sell guano.—Authorities supra. If the plaintiff sold the fertilizer without first complying with either or all of the requirements in Code, sections 139, 141, 142, it was the making of a contract which the statute prohibits under penalty, and is void.— Woods v. Armstrong, 54 Ala. 150; Campbell v. Segars, 81 Ala. 259; Merriman v. Knox, 99 Ala. 93; Hanover Bank v. Johnson, 90 Ala. 549; Johnson v. Hanover Bank, 88 Ala. 271.

BRICKELL, C. J.—The statute, (Code of 1886, §§ 139-45), requires that any person, or firm, or corporation, or association of persons, selling or exchanging, or dealing in commercial fertilizers must obtain a license from the commissioner of agriculture, and declares all sales or exchanges made without such license are void. So far as any definition is now material, the license may be defined as the permission and authority of the State to engage in and carry on the particular business to which it refers—the selling, exchanging, or dealing in

[Furman Farm Improvement Co. v. Long.]

commercial fertilizer. There is not in it, as there is not in such license generally, any element of transfer or assignability, and the privilege it confers is purely and strictly personal, yet, there is no requirement that the licensee shall have any particular qualification. Whoever may have legal capacity to contract, is entitled as matter of right to the license on the payment of the prescribed fee. If the business is carried on to any extent, the employment of agents or servants will become a necessity, and whether the necessity exists, resides in the discretion of the licensee. If agents are employed, and for the licensee they make sales or exchanges, the transaction is as valid as if the sales or exchanges were made by the licensee in person. The licensing of the occupation or business of retailing spirituous liquors, has been the policy of the State from its organization, and the granting of the license has been guarded by very stringent requirements, one of which is that the licensee must be possessed of good moral character, and there are prescribed oaths he must take. Yet, it has never been doubted, that when the license has been obtained, the licensee may conduct the business by servants or agents. In *Long v. State*, 27 Ala. 36, it is said : ''We also concede, that when a license has been granted to an individual, he may exercise the privilege it confers, by his clerk or agent ; for the acts of his clerk or agent, are, in law, his acts and nothing more.''

The uncontroverted facts, as disclosed by the bill of exceptions, are, that the fertilizer the price of which forms the consideration of the bond on which the suit is founded, were sold by Riggsby & Williamson, as the agents of one Jasper Smith, who had, at the time of the sale, a license from the commissioner of agriculture. A sale by an agent, is a sale by the principal; it is in law the act of the principal, when the agent keeps in the line of his authority. It was not the less the act of the principal, because made when he was not present, and at a distance from his residence or usual place of business. The statute does not confine the licensee to any particular locality in making sales or exchanges, nor does it require his personal presence at the time they are made. Smith may have been the agent of Adair Bros. & Co. for the sale of fertilizers, and having the agency, may have been the inducement for obtaining the license,

but having obtained it, he had authority to make sales or exchanges, by himself, or by his servants or agents. The court below erred in excluding the license to Smith, and if it had been received, upon the uncontroverted facts, should have instructed the jury the plaintiff was entitled to recover.

We do not deem it necessary to pass upon the rulings of the court, upon the rather voluminous pleading with which the record abounds. The question the appellant evolves from them relating to the constitutionality of the statute, can scarcely be regarded as open for argument in this court.—*Steiner v. Ray*, 84 Ala. 93 ; *Merriman v. Knox*, 99 Ala. 93 ; *Brown v. Adair*, 104 Ala. 652. Independent of that consideration, it is not the practice of the appellate courts to consider questions of constitutional law, when the case before them may be decided upon some other clear ground.—Cooley Const. Lim., 163 ; *Smith v. Speed*, 50 Ala. 276.

Let the judgment of the circuit court be reversed and the cause remanded.

Reversed and remanded.