(79 South. 4)

### BOWDOIN v. ALABAMA CHEMICAL CO.
#### (4 Div. 781.)

(Supreme Court of Alabama. April 18, 1918. On Application for Rehearing, May 30, 1918.)

1. CONTRACTS ⬉105—VALIDITY—VIOLATION OF STATUTE.

If a statute was not designed to prohibit the making of contracts without previous compliance with statutory provisions, but was intended merely to provide revenue, contract is not void if no specific prohibition or penalty is provided or imposed, but if the conditions of the statute are made for the public benefit, and not for raising revenue only, an agreement is void that does not comply therewith.

2. CONTRACTS ⬉105—BRANDING OF FERTILIZERS—STATUTE—PLEAS.

Code 1907, § 25, relating to the tagging of fertilizers, was primarily intended to protect the public against a sale of worthless or deleterious compounds represented as commercial fertilizers, and not merely to raise revenue; nor do the provisions of the act (Code 1907, § 6884) making it a misdemeanor to sell commercial fertilizers without having obtained a license from the commissioner of agriculture and industries show that the statute was framed for revenue purposes only, so that pleas properly presenting the defense that sales were made without first procuring a license as provided by statutes were not demurrable.

3. AGRICULTURE ⬉7—FERTILIZERS—SALE BY AGENT.

A sale of fertilizers by the agent of one who has a license to sell fertilizers as required by Code 1907, § 25, is not unlawful under section 6884.

4. AGRICULTURE ⬉7—SALE OF FERTILIZERS —LICENSE—EVIDENCE.

In an action upon a note given for the purchase price of fertilizers, wherein defendant pleaded that the sales were made without having first procured a license as provided by statute, and plaintiff replied that the seller at the time of the sale was acting as agent for a company which had a license, the testimony of the alleged agent, the contract between him and his principal, and a fertilizer license issued to the principal were admissible.

5. APPEAL AND ERROR ⬉197(1)—OBJECTION IN LOWER COURT—VARIANCE.

By provision of circuit court practice rule 34 (175 Ala. xxi), that court cannot be put in error by variance unless it was called to its attention by proper objection to the evidence.

6. APPEAL AND ERROR ⬉1078(4)—ASSIGNMENTS OF ERROR—BRIEFS—ABANDONMENT.

Assignments based on the refusal of defendant's charge not being insisted upon in the brief and argument of counsel need not be considered.

7. APPEAL AND ERROR ⬉1152—JUDGMENT— CORRECTION.

Where the failure of the judgment to limit the waiver of exemptions to personalty as provided in the notes introduced in evidence was not called to the attention of the court, the Supreme Court will not reverse the judgment, but will correct it so as to limit the waiver of exemptions to personal property.

On Application for Rehearing.

8. SALES ⬉7—PRINCIPAL AND AGENT—SELLING AGENT.

An agreement of a chemical company to ship to a partnership certain fertilizers, to remain the property of the company until sold or paid for by the partnership, and, when sold, all proceeds, including cash, notes, open accounts, cotton, mortgages, and securities, to be kept separate by the partnership as trustee for the company, and turned over to the company as collateral security and pledge against notes or accounts held against the partnership, created a contract of agency rather than of purchase.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Assumpsit by the Alabama Chemical Company against W. T. Bowdoin. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under section 6, Act April 18, 1911, p. 449. Corrected and affirmed.

The note sued on was executed by defendant to one Austin & Gentry, and is alleged to be now the property of plaintiff. Defendant set up an illegal consideration in that it was given for the price of fertilizer sold to defendant by Austin & Gentry in 1914, and that said Austin & Gentry did not have a license from the commissioner of agriculture in the state of Alabama, authorizing them to make a sale of the fertilizer sold as required by law at the time same was sold to defendant. The other pleas are in similar form and effect, but varying phraseology. There is also a plea of failure to tag the fertilizer as required. Austin testified that he was a member of the firm of Austin & Gentry, that they had connection with the Dothan or Alabama Chemical Company, and that they were one and the same firm, the two companies being under the same management. The contract was an agreement between the Dothan Chemical Company, and the partnership, by which the company agreed to furnish the customer during the ensuing season ending May 1, 1914, the following specifically named brands and amounts of fertilizer, to be taken by and charged to the customer, at the prices shown below: (Here follows prices and brands.) The company also agreed to ship for the customer's account in not less than carload lots to the railroad depot at Coffee Springs, Ala., "shipped on consignment to the customer as trustee for the company, or to his duly authorized agent." The customer agreed to receive all fertilizer shipped for sale, and to take and pay the agreed price therefor, but is to take none of the fertilizers for his own use unless by consent of the company. The contract further provided that until sold or paid for by the customer the fertilizers contracted for under the agreement shall remain the property of the company, and when sold all proceeds, including all cash, notes, open accounts, cotton, mortgages, securities therefor, shall be kept separate and held by the customer as trustee for the company, and turned over as collateral security and pledge against the notes of the customer, or account held against the customer, until the entire indebtedness is paid in full. Other conditions need not be set out. The following exceptions were reserved to the oral charge, and are thus stated:

Counsel expressed satisfaction of the above charge, with the exception of that part of same which refers to the effect of the written contract, which was introduced in evidence, and the judge's charge to the effect that under said contract Austin & Gentry were the agents of the Dothan Chemical Company.

J. A. Carnley, of Enterprise, for appellant. W. O. Mulkey, of Geneva, for appellee.

THOMAS, J. The two questions presented for decision are: (1) Whether a contract of sale of commercial fertilizers made without the seller's first having taken out a license as required by the statute is void; and (2) if it is void, did the contract in this case between Austin & Gentry and the Alabama Chemical Company or the Dothan Chemical Company create the relation of principal and agent as regards the sale of the fertilizer in question?

[1] The rule in this state is that, if a statute was not designed to prohibit the making of contracts without previous compliance with statutory provisions, but was intended merely to provide revenue, it is not void if no specific prohibition or penalty is provided or imposed. If the conditions of the statute were made for the benefit of the public, and not for the raising of revenue only, an agreement is void that does not comply with the statutory conditions. Sales-Davis Co. v. Henderson-Boyd Lumber Co., 193 Ala. 166, 69 South. 527; Sunflower Lumber Co. v. Turner Supply Co., 158 Ala. 191, 48 South. 510, 132 Am. St. Rep. 20; Merriman & Co. v. Knox, 99 Ala. 93, 11 South. 741; Woods & Co. v. Armstrong, 54 Ala. 150, 25 Am. Rep. 671; Shippey v. Eastwood, 9 Ala. 198; Smith v. Mawhood, 14 Meeson & Wellsby Ex. Rep. 452; Citizens' National Bank v. Buckheit, 14 Ala. App. 511, 71 South. 82; Talladega Fert. & Mfg. Co. v. Farmers' Union Warehouse Co., 2 Ala. App. 307, 56 South. 595.

[2] In the adoption of the statutes in question (Acts 1907, p. 744; Code of 1907, art. 2, c. 2, § 25, p. 228 et seq.) the legislative intent and primary purpose was to protect the public against being sold worthless or deleterious compounds represented as commercial fertilizers, and not merely to raise revenue.

The codification of the Act of August 14, 1907, with section 2 thereof made section 25 of the Code of 1907, and with the omission therefrom of section 378 as it formed a part of the Code of 1896, does not show that the provisions of said section 25 were intended primarily for raising revenue, and not for the purpose of protecting the public in the purchasing of commercial fertilizers. Nor does the insertion in the Code of 1907 (as section 6884) of the provision of the act, making it a misdemeanor to sell or exchange commercial fertilizers without having obtained a license from the Commissioner of Agriculture and Industries, as provided by law, show that the statute in question was framed for revenue purposes only. On the other hand, it is obvious therefrom that the purpose was to protect the public, as we have stated. When the codification of the several provisions of the act was completed, finding appropriate place in article 2, c. 2, § 6884, a complete system for the regulation and sale of commercial fertilizers was provided, with the specific intent of protecting the public from the buying of worthless, comparatively worthless, or deleterious substances sold as commercial fertilizers. Talladega Fert. & Mfg. Co. v. Farmers' Union Warehouse Co., supra.

[3] The court committed no error in overruling demurrers to the several pleas proper-

ly presenting the defense that such sales were made without first having procured a license as provided by statute. For replication (No. 2) to such pleas, plaintiff said:

That at the time of said sale Austin & Gentry Lumber Company was "acting for Alabama Chemical Company, and that said fertilizers belonged to the said Alabama Chemical Company, and that the said Austin & Gentry Lumber Company had a contract with the said Alabama Chemical Company to sell said fertilizers for it and on its account, and under contract the note or notes given therefor were to be transferred and assigned to the said Alabama Chemical Company, and the plaintiff avers that the said Alabama Chemical Company had a license issued by the commissioner of agriculture and industries to sell fertilizer in Alabama."

The third replication was in like words, with the exception that the Dothan Chemical Company is averred to have been the principal for whom Austin & Gentry Lumber Company acted as agent in making said sales. There was no error in overruling the demurrer thereto.

Under this pleading it was a question of agency, to be determined from the evidence submitted on the issue.

[4] The testimony of B. J. Austin, and the contract of date February 14, 1914, together with the fertilizer license for 1913–14 issued by the commissioner of agriculture to the Dothan Chemical Company, were properly admitted in evidence. Furman Farm Imp. Co. v. Long, 113 Ala. 203, 21 South. 339.

[5] The affirmative charge requested by defendant was properly refused, as a jury question was presented. Amerson v. Corona Coal & Iron Co., 194 Ala. 175, 69 South. 601. If the charge was requested on the ground of a variance as to where the agency resided, whether in Austin & Gentry, or in Austin & Gentry Lumber Company, that question was not brought to the attention of the court in an appropriate way when the request was made. New Circuit Court Rule, No. 34 (175 Ala. xxi); Bickley v. Porter, 193 Ala. 607, 69 South. 565; Southern Railway Co. v. Jordan, 192 Ala. 528, 68 South. 418.

[6] The assignments based on the refusal of defendant's charge numbered 2, not being insisted upon in the brief and argument

of counsel, are not considered. Georgia Cotton Co. v. Lee, 72 South. 158;[1] Republic I. & S. Co. v. Quinton, 194 Ala. 126, 133, 69 South. 604.

The judgment entry as to waiver of exemptions is as follows:

"And it appearing to the court that in the note the foundation of this suit the defendant waived his right of exemptions under the Constitution and laws of the state of Alabama, it is ordered that the defendant be allowed no exemptions as against this judgment and the execution to be issued thereon, and the clerk will indorse such waiver of exemptions on the execution in this cause."

[7] The failure of the judgment to limit the waiver of exemptions to personalty, as provided in the notes introduced in evidence, was not called to the attention of the court, and therefore we will not reverse the judgment. The judgment is here corrected so as to limit the waiver of exemptions to personal property, and as thus corrected it is affirmed.

Corrected and affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.

On Application for Rehearing.

THOMAS, J. [8] We have read the contract in question, and are of opinion that it is one of agency rather than of purchase. Under the evidence disclosed by the record there was no error in the court's oral charge to which exception is reserved. While there are expressions and stipulations contained in the instrument that are or may be equivocal, yet the fair interpretation of the whole contract makes it, as to the sale in question, one of agency.

Under the construction given the contract by the trial court and concurred in by us, the contract and the fertilizer license in question were properly admitted in evidence, and the jury were properly instructed by the trial court in that part of the oral charge to which exception was reserved.

The application for a rehearing is denied.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.

[1] 196 Ala. 599.