165 So. 207

**MARX v. LINING.**

I Div. 872.

Supreme Court of Alabama.

Dec. 19, 1935.

Rehearing Denied Jan. 23, 1936.

Leo M. Brown and Leo H. Pou, both of Mobile, for appellant.

Jere Austill, of Mobile, for appellee.

KNIGHT, Justice.

At the threshold of this case we are met with a motion to dismiss the appeal, upon the ground that the appeal was taken on the 9th day of April, 1935, and the transcript was not filed in this court "within sixty days from the taking of the appeal."

Rule 41, Supreme Court Practice, requires that in all cases, civil or criminal, appealed during the term, unless the transcript is filed with the clerk of this court not later than the first day of the first week of the term during which the case is subject to call in this court, the appeal shall be dismissed at the cost of appellant, unless good cause be shown to the court, by affidavit or affidavits, not later than the next Thursday, why said transcript was not filed within the time herein allowed.

It appears that the transcript was filed in this court on October 10, 1935. The motion to dismiss the appeal was filed on July 27, 1935.

The appellee was not prejudiced by any delay occurring in the filing of the transcript, as it was on file here prior to the time that any submission could have been had on the appeal.

The appellant has filed here an affidavit of the register, which presents a sufficient excuse in our judgment for the delay in the preparation and filing of the transcript. The motion to dismiss the appeal will, therefore, be overruled, and it is so or-

dered. Rules 41, 42; McCoy et al. v. Wynn, 215 Ala. 172, 110 So. 129; Sloss-Sheffield Steel & Iron Co. v. Webster, 183 Ala. 322, 323, 62 So. 764; Cudd v. Reynolds, 186 Ala. 207, 65 So. 41.

The cause was submitted here both on the motion to dismiss the appeal, and on the merits, and having reached the conclusion that there is no merit in the motion to dismiss the appeal, we will, therefore, proceed to consider the cause on its merits.

This was a bill of interpleader filed by T. M. Stevens against Julius E. Marx and Mrs. George D. Lining, to determine which of the two named defendants was entitled to a sum of money in the hands of the complainant, and due from him to one or the other of said parties as commissions for making the sale of a piece of property. Both parties claimed the money.

The complainant, in order to avoid double liability, and desiring that the court should judicially determine the rightful claimant, filed this bill calling upon each of said parties to propound his or her claim to the fund.

■ That the bill contains equity, we entertain no sort of doubt, inasmuch as each of the respondents claims to have procured the purchaser for the property, and each expressly denied that the other was instrumental in effecting the sale. It is to ascertain judicially which one of the claimants was the efficient or procuring cause of the sale, that the bill seeks the aid of the court.

The bill admits that the complainant is liable to one or the other of the parties, but avers a state of facts which shows a reasonable ground of uncertainty as to which claimant is entitled to the commission, and a bona fide controversy between rival claimants, without collusion on the part of the complainant. In such a case, the stakeholder, or debtor, will not be required to determine, at the peril of incurring double liability, disputed questions of fact. 33 Corpus Juris §§ 11, 14, and 16, pp. 427, 429, and 430; Gibson v. Goldthwaite, 7 Ala. 281, 42 Am.Dec. 592; Johnson et al. v. Blackmon, 201 Ala. 537, 539, 78 So. 891; Catts v. Sipsey Coal Mining Co., 212 Ala. 421, 102 So. 895.

It appears from the bill that the complainant T. M. Stevens owned a certain piece of real estate at Springhill, in Mobile county, in August, 1934, which he desired to sell; that he was consulted by a number of real estate brokers or agents relative to handling said property; that in each instance complainant "stated that he would accept for the property $19,-000.00, and would pay to the agent making the sale a commission of five per cent.; that among others to whom the said statement was made was the said Julius E. Marx." It is averred that this statement was made to said Marx several months prior to September, 1934.

It further appears from the bill that after the complainant's conversation with Marx, Mrs. Lining called the complainant over the telephone, asking whether or not the property was for sale, and, if so, at what price, and that complainant then advised Mrs. Lining that it was for sale, that he would take $19,000 for it, and would pay 5 per cent. commission to the agent making the sale. Mrs. Lining then stated to complainant that she thought she could make a sale of the property, and that complainant would hear from her later. In another telephone conversation Mrs. Lining advised complainant she was offering the property to Mrs. Edwill A. Davis, and thought that Mrs. Davis would buy the property; that Mrs. Davis or her representative would call upon complainant. That after further negotiations, complainant agreed to accept for the property $15,650, provided Mrs. Lining "would be content with not exceeding $400.00 as her commissions." To this Mrs. Lining consented. Following this, the complainant entered into a contract with Mrs. Davis for the purchase of the property at the price of $15,650. This contract was entered into on August 27, 1934, and up to that time it appears that complainant had heard nothing from Marx about the matter, and had no information or notice that Marx had ever mentioned the property to Mrs. Davis, or was even acquainted with her.

However, it appears from the bill that, in the interim between the execution of the contract on August 27, 1934, for the sale of the property to Mrs. Davis, and the execution of the deed thereto on September 7, 1934, Marx notified complainant that he had heard of the sale, and that it was he, Marx, who had interested Mrs. Davis in the property, and he claimed the commission; and further notified complainant that Mrs. Lining was not a licensed real estate broker or agent, and had no right to collect commissions for the sale of real estate.

The complainant prayed that his bill be treated as a bill of interpleader, and that the two defendants, Marx and Mrs. Lining, be required "to interplead as between themselves, and to litigate with each other their respective claims" to the said commissions. Complainant, with the bill, paid into court the $400 which he had agreed to pay Mrs. Lining as commissions for making the sale.

The said Marx filed his answer to the bill, and made the same a cross-bill against the respondent Mrs. George D. Lining, in which he asserted his right to the $400 commissions, averring that he was the "procuring cause of said Mrs. Davis becoming interested in said property and thereafter buying the same, and as such is entitled to the said commission." He further averred that Mrs. Lining was not licensed to act as a real estate broker, as required by the laws of Alabama, and that any attempts on her part to act as such broker or agent, or to collect said commission, were in violation of law.

It is here to be noted that Mr. Stevens made no such insistence, but desires that the commission be paid to that one of the complainants who procured the purchaser, and who was the efficient cause of the sale to Mrs. Davis.

Mrs. Lining appeared, and answered the bill, admitting all of its allegations. She also filed an answer to the cross-bill filed by Marx, denying its allegations, and setting up that she procured the purchaser of the property, and was entitled to the agreed commission. She averred that said Marx had no exclusive agency to sell the property; that he was not the procuring cause of the sale of said property, and did not make the sale, and was not entitled to said commission.

Cross-respondent admitted, however, that she was not, at the time the sale was made, a licensed real estate broker or agent, but took the position that Mr. Stevens, the debtor, alone could assert in his own behalf this defense, which he had expressly declined to do.

The court, under the evidence, found that Mrs. Lining was the efficient, procuring cause of the sale and purchase of the property, and was entitled to the commissions; and took no note of the contention made by Marx that she could not be awarded the commissions because of the fact she was not a licensed real estate agent or broker.

It fully appears both from the pleading and from the evidence in the cause, that Mr. Stevens does not desire to be relieved from paying the commissions to Mrs. Lining, if she was the procuring cause of the sale, by reason of the fact she was not a licensed real estate agent. In this respect, he takes high ground, and tells the court that he owes one or the other of the parties, and wishes it paid to the one who actually brought about the sale. He seeks no benefit from the fact that Mrs. Lining was not a licensed real estate agent, and he raises no such issue.

■ It is established by a long line of decisions of this court that contracts specifically prohibited by law, or the enforcement of which violates the law, or the making of which violates the laws which were enacted for regulation and protection, as distinguished from a law created solely for revenue purposes, are void and unenforceable. This is the general rule. Ellis v. Batson, 177 Ala. 313, 317, 58 So. 193; Sunflower Lumber Co. v. Turner Supply Co., 158 Ala. 191, 48 So. 510, 132 Am.St.Rep. 20; Youngblood v. Birmingham Trust & Sav. Co., 95 Ala. 521, 12 So. 579, 20 L.R.A. 58, 36 Am.St.Rep. 245; Western Union Tel. Co. v. Young, 138 Ala. 240, 243, 36 So. 374; Boyett v. Standard Chemical & Oil Co., 146 Ala. 554, 41 So. 756; Bowdoin v. Alabama Chemical Co., 201 Ala. 582, 79 So. 4.

■ Confessedly, under the evidence, Mrs. Lining was not a real estate broker or agent, duly licensed as required by the act of the Legislature of Alabama, approved August 27, 1927 (Gen. Acts of Legislature, 1927, p. 335). Nor could the license subsequently issued to her in November, 1934, have the retroactive effect of making valid acts theretofore done by her as a real estate broker or agent.

In the case of Knight v. Watson, 221 Ala. 69, 127 So. 841, the above-mentioned act came under review in this court. In that case we held that this act was not designed to impose a license tax as a revenue measure merely, but was designed to regulate the business of brokers and real estate salesmen, to protect the public against fraud and imposition, requiring a license as evidence of qualification and fitness; and that the act came under the police power of the state. We further held that an unlicensed real estate broker or salesman could not sue and recover commissions for the sale of land under a contract with the owner. We reached this

conclusion upon the ground that, in acting as such unlicensed broker or salesman, the plaintiff broker had violated section 1 of the Act, which made it a misdemeanor to engage in such business without first having obtained the required license.

It will be noted, however, that the above case was litigated between the immediate parties to the contract, and in which the defendant had set up, as a defense to the action, the illegality of the contract. The other cases cited by appellant were cases between the immediate parties, and in each case the defendants set up the illegality of the agreement.

In this case Mr. Stevens does not set up the fact that Mrs. Lining was an unlicensed broker; on the contrary, he waives such defense.

The defense of illegality, although open to the parties and those claiming under them, cannot as a general rule be invoked by third persons. 13 Corpus Juris 458, p. 508.

This court has on more than one occasion pointed out that contracts which are void, not because they are immoral or evil in themselves, but because they are offensive to the policy of the state which a statute establishes, may, in some instances, be enforced even in courts of law, because of the inability of the party affected to plead their invalidity. Ex parte Banks, 185 Ala. 275, 64 So. 74; Prestwood v. Carlton, 162 Ala. 327, 50 So. 254.

In acting as a broker or salesman in selling the property of Mr. Stevens to Mrs. Davis, without a license to act as such broker, Mrs. Lining did no immoral or evil act within itself, and although she could not make her contract with Mr. Stevens the basis for a suit to recover the agreed compensation, against a proper plea by Mr. Stevens setting up the illegality of the contract, yet Marx, in nowise connected with that contract, and his property rights in no way affected thereby, cannot plead the invalidity of the contract between Mrs. Lining and Mr. Stevens. He cannot recover the commissions unless he earned them under his agreement with Mr. Stevens, whether Mrs. Lining's contract was valid or invalid. He must maintain his right to the commissions independent of any invalidity of Mrs. Lining's contract.

Mr. Marx had no exclusive agency to sell the property; on the contrary, Mr. Stevens had given others the right to make a sale for him, including Mrs. Lining, and, therefore, to be entitled to the commissions, Marx had the burden of showing that the sale was brought about by his efforts; that he was the procuring cause of the same.

What amounts to the procurement of a purchaser is a question of fact, but it is enough that the efforts of the broker, acting upon the purchaser, are the efficient cause of his offer to purchase the property. They need not be the sole cause. Handley v. Shaffer, 177 Ala. 636, 59 So. 286; Chambers v. Seay, 73 Ala. 372, 379; Birmingham, Land & Loan Co. v. Thompson, 86 Ala. 146, 5 So. 473; Sayre v. Wilson, 86 Ala. 151, 156, 5 So. 157; Henderson v. Vincent, 84 Ala. 99, 100, 4 So. 180; 19 Cyc. 257.

Upon consideration of the evidence offered by the parties in support of their respective claims, the chancellor held that Marx was not entitled "to recover any part of the fund" paid into the court by the complainant, T. M. Stevens; but that Mrs. Lining was entitled to the fund, less the cost accrued in the cause, and entered a decree accordingly.

This finding involved a judicial determination that Mr. Marx was not the procuring cause of the sale, but that the sale was the result of the efforts and services rendered by Mrs. Lining.

We have carefully considered the testimony offered by both claimants, and, as a result of our consideration, we are in full accord with the conclusion reached by the chancellor.

It follows, therefore, that the decree appealed from is due to be, and is, here affirmed.

Affirmed.

THOMAS, BOULDIN, and BROWN, JJ., concur.