I concur insofar as the main opinion affirms the trial court in its denial of the motion of the defendants "JMH" to compel Mrs. Hathcock to arbitrate her claims. I further concur that Mrs. Hathcock cannot enforce any contract between Mr. Hathcock and JMH. I respectfully dissent, however, insofar as the main opinion reverses the trial court in its denial of the motion of JMH to compel Mr. Hathcock to arbitrate his claims.
The record contains substantial evidence that JMH misrepresented used goods as new in order to induce Mr. Hathcock to sign the documents. Section 8-19-5(6), Ala. Code 1975, part of the Alabama Deceptive Trade Practices Act, legislation adopted to exercise the police powers of this state, expressly proscribes misrepresenting used goods as new. A purported contract obtained by a violation of such a law is void. Woods Co. v. Armstrong, 54 Ala. 150, 152 (1875) ("`It has been repeatedly determined that a penalty inflicted by statute upon an offense, implies a prohibition, and a contract relating to it is void, even where it is not expressly declared by the statute that the contract shall be void.'");Western Union Telegraph Co. v. Young, 138 Ala. 240, 243, 36 So. 374, 375
(1903) ("[A]ll contracts which are made in violation of a penal statute are as absolutely void as if the law had in so many words declared that they should be so. . . . It is not necessary that a statute should impose a penalty for doing or omitting to do something in order to make a contract void which is opposed to its operation. It is sufficient if the law prohibits the doing of the act, and when it does, the court, being organized under the law, and required to administer it, cannot enforce any supposed rights predicated upon a prohibited act or omission to perform an act that is prohibited.") (citations and internal quotation marks omitted); Gill Printing Co. v. Goodman, 224 Ala. 97, 102,139 So. 250, 254 (1932) ("[C]ontracts specially prohibited by law, or the enforcement of which violated a law, or the making of which violated the law which was enacted for regulation and protection, as distinguished from a law created solely for revenue purposes, [are] void and nonenforceable.") (citations and internal quotation marks omitted); Marxv. Lining, 231 Ala. 445, 448, 165 So. 207, 209-10 (1935) ("It is established by a long line of decisions of this court that contracts specifically prohibited by law, or the enforcement of which violates the law, or the making of which violates the laws which were enacted for regulation and protection, as distinguished from a law created solely for revenue purposes, are void and unenforceable."). See also Bankers Shippers Ins. Co. v. Blackwell, 255 Ala. 360, 365, 51 So.2d 498, (1951). As a defense applicable to contracts in general, this void-contract caselaw is not preempted by the Federal Arbitration Act. 9 U.S.C. § 2.
"[A] party cannot be forced to arbitrate if the contract containing the arbitration clause, which gives the arbitration clause viability, is found to be void." Alabama Catalog Sales v. Harris, 794 So.2d 312, 316
(Ala. 2000) (citation and internal quotation marks omitted). The court, rather than an arbitrator, decides the issue of whether an arbitration clause is void for violation of a statute. Id. at 317.
Therefore, the trial court did not err in holding the contracts containing the arbitration provisions void ab initio and in denying the motion of JMH to compel Mr. *Page 1070 
Hathcock to arbitrate his claims. Of course, if we were to affirm these rulings by the trial court and were to allow Mr. Hathcock to proceed to litigate his claims in court, he could not there pursue his claims for breach of warranty and for bad faith based on the contract held void abinitio by the trial court.